**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Johnny Lee Jones, III, | Case No.: 2:26-cv-00347-JAD-EJY |
| Petitioner | **Order Dismissing Habeas Petition and Closing Case** |
| v. | [ECF Nos. 1, 1-1, 4] |
| Joe Lombardo, et al., | |
| Respondents | |

Pro se Petitioner Johnny Lee Jones, III filed this 28 U.S.C. § 2241 petition for writ of habeas corpus and applications to proceed *in forma pauperis* ("IFP").[1] Although Jones filed his petition on a § 2241 habeas form, he is incarcerated based on a 2005 state court conviction.[2] And on initial review under the Habeas Rules,[3] I find that Jones fails to state a cognizable habeas claim and that the petition is second or successive. So I dismiss the petition with prejudice and deny Jones's IFP applications.

**A.     This isn't Jones's first petition.**

Jones previously challenged his judgment of conviction in federal court Case No. 3:15-cv-00320-HDM-WGC. That petition was dismissed because Jones failed to file a supplemental brief addressing why he is entitled to equitable tolling. "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)."[4] A petition is second or successive if it

---

[1] ECF Nos. 1, 1-1, 4.

[2] ECF No. 1-1 at 1.

[3] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[4] *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

attacks the same judgment of conviction as a prior federal petition that was decided on its merits and raises claims based on facts that had occurred by the time of the prior petition.[5]

Before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition.[6] A federal district court does not have jurisdiction to entertain a successive petition absent such permission.[7] Jones does not indicate that he has received authorization from the Court of Appeals to file this second or successive petition, nor do the records of the Court of Appeals reflect that he has sought to obtain any such authorization. So this petition must be dismissed for lack of jurisdiction.

**B.     Jones's petition is patently meritless.**

Even if this petition weren't being dismissed for lack of jurisdiction, it would be dismissed because it is patently meritless and nearly inscrutable. Jones brings this action against Nevada Governor Joseph Lombardo. In the section of the form asking him to state what authority he's being held on, he states that a device was implanted in his brain that sends signals to artificial intelligence.[8] In the blank asking him to provide more information about the action he's challenging, he says that the governor "is aware of such activity as well as others."[9] This implantation, he claims, is a violation of his Fourth Amendment rights.[10] The relief he seeks is an order directing the governor to remove the device. These claims are not cognizable in federal

---

[5] *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841, 202 L. Ed. 2d 610 (2019).

[6] 28 U.S.C. § 2244(b)(3).

[7] *Brown*, 889 F.3d at 667.

[8] ECF No. 1-1 at 2.

[9] *Id*.

[10] *Id*. at 6–7.

habeas because success on their merits "would not necessarily lead to immediate or speedier release."[11]  So Jones's petition should also be dismissed on this basis.

**IT IS THEREFORE ORDERED** that:

1.  Petitioner Johnny Lee Jones's petition for writ of habeas corpus [ECF No. 1-1] is **DISMISSED with prejudice**.  **A certificate of appealability is DENIED** because jurists of reason would not find the dismissal to be debatable or wrong.

2.  The IFP applications **(ECF Nos. 1, 4) are DENIED.**

3.  The Clerk of the Court is directed to:

    - **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and to provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

    - **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
March 31, 2026

---

[11] *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016).

3