**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Johnny Lee Jones, III,<br>Petitioner<br>v.<br>Joe Lombardo, *et al.*,<br>Respondents | Case No.: 2:26-cv-00347-JAD-EJY<br>**Order Denying Motions**<br>[ECF Nos. 9, 10, 19, 21, 26, 27, 28, 29] |

*Pro se* Petitioner Johnny Lee Jones filed a 28 U.S.C. § 2241 petition for writ of habeas corpus but is incarcerated under a 2005 state-court conviction.[1] On initial review under the Habeas Rules, I dismissed the petition with prejudice because Jones failed to state a cognizable habeas claim and because the petition is second or successive.[2] Jones now requests that I reconsider that ruling,[3] and he has filed a motion to supplement, a motion for mediation, emergency motions for documents, an emergency motion for a preliminary injunction, and an emergency motion for a docket sheet.[4] Jones does not cite applicable legal authority in any of his motions, rather he simply argues that he is not seeking release from prison.[5]

Absent highly unusual circumstances, reconsideration under Federal Rule of Civil Procedure 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the

[1] ECF No. 1-1 at 1.

[2] ECF No. 7.

[3] ECF Nos. 9, 10.

[4] ECF Nos. 19, 21, 26, 27, 28, 29.

[5] ECF No. 9.

decision was manifestly unjust, or (4) there is an intervening change in the controlling law."[6] The information that Jones presents does not address—let alone cure—the jurisdictional defects that required dismissal of his petition. So the dismissal was not in error nor was it a manifestly unjust decision. Jones has not stated a meritorious reason to reconsider prior rulings and alter the judgment in this case. His requests for reconsideration are therefore denied. And because this case is dismissed and closed, there are no pending claims to mediate or for which injunctive relief are appropriate, so Jones's motions for mediation and for a preliminary injunction are denied.[7]

Jones also requests copies of everything on file in his case.[8] Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment.[9] Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law authorizes federal courts to waive or finance copy fees in closed habeas cases.[10] Payment is required for all copies of documents contained in the docket. Jones's motions for documents are denied.

This case is closed. If Jones wishes to seek further relief in this court, he must file a new action with a new case number on the correct court-required form (when applicable) accompanied by the filing fee or a fully completed application to proceed *in forma pauperis*.

---

[6] *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)); *see also McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

[7] ECF Nos. 21, 27.

[8] ECF Nos. 26, 28, 29.

[9] *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).

[10] LSR 1-6 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).

**IT IS THEREFORE ORDERED** that:

1. Petitioner Johnny Lee Jones's **motion for reconsideration [ECF No. 9] and motion for relief from judgment [ECF No. 10] are denied.**
2. Petitioner's **motion to supplement [ECF No. 19], motion for mediation [ECF No. 21], and motion for preliminary injunction [ECF No. 27] are denied.**
3. Petitioner's **emergency motion for documents [ECF No. 26], emergency motion to mail documents [ECF No. 28], and emergency motion for docket sheet [ECF No. 29] are denied.**

NOTHING MORE SHOULD BE FILED IN THIS CLOSED CASE.

U.S. District Judge Jennifer A. Dorsey
October 6, 2026